Good morning, Your Honors. May it please the Court, my name is Stacey Tolchin and I, with my co-counsel Megan Brewer, represent Petitioner Menendez-Gonzalez. I would like to reserve five minutes of my time for rebuttal. Please watch the clock. Petitioner was not provided a copy of the 2009 reinstatement order at issue in this case until 2016, seven years after the order was supposedly issued. Respondents state specifically that they do not provide copies to people who refuse to sign the removal orders. There must be a forum to raise a challenge to a reinstatement order when the government has refused to provide a copy. Didn't you raise that to the Ninth Circuit in the PFR? Yes, of course we did, Your Honor. But there was a forum to raise that argument. Right, Your Honor, but it was dismissed without any have a forum or just that we didn't do a good job when we dismissed it in a mem dispo? I don't think the law is clear which is the proper forum, right, because the case law in some cases says go and do a direct petition for review. But we have reached those arguments on appeals in PFRs. You cite a number of cases where we've reached them, like Castro-Cortez and others. So clearly we could, the panel could have reached it, correct? The panel could have, and in fact they just dismissed these arguments that you made in that forum. They did, Your Honor, but after the Amarjeet Singh case, which is post-real ID, which was affirmed in JEFM, that establishes that habeas could be the forum. It's just not clear which is the proper forum. If the panel had said we don't require a copy of the removal order, you missed your 30 days, or somehow the facts of Selena Sandoval in the Castro-Cortez decision are not controlling here, therefore you're out of luck, that's one thing. That's addressing the merits of the jurisdictional argument. So if I understand it, you raised the arguments before the Ninth Circuit. The Ninth Circuit dismissed, did not say now go and raise your claims in habeas, but we should infer that that's how to interpret the mem dispo. Right, Your Honor, because otherwise there's no forum. I mean, you were in a forum, right? I didn't read this decision to say it's acceptable that DHS does not provide a copy of a reinstatement order. This is what came up with the Sixth Circuit in Villegas de La Paz, where the court was quite upset that the government did not provide copies of reinstatement orders, and then argued that the petition for review was late. So what's the theory that the Ninth Circuit didn't deal with this issue in the earlier decision? What would have been the basis that they would have dismissed it if it wasn't this? I think it requires an evidentiary determination, and I don't think that post Real ID it's very possible that, and after the Amarjeet Singh case, that any fact-finding has to be done before the district court. If you take an example of a No, that's not my question. My question was, is there, what's the other, what's the alternative way other than what Judge Aikuda said to interpret the Ninth Circuit's decision dismissing the petition for review? That habeas is available. So we're supposed to read into that that maybe they thought that habeas was available because of Singh or whatever. Well, Your Honor, there's no reasoning here at all. And I mean, I ask Your Honor, do you believe that this court acknowledges that a copy of a reinstatement order is not required? And that seems to me rather outrageous, given that due process, the statute, and the regulation all require a copy of an order. Well, the case is cited and was that the petition was untimely. So if they had, if the court in other contexts have said it's not untimely, based on many of the arguments you raised. So in Cortez, Castro-Cortez, the court determined that because of a purported cancellation and when the timing that they could then reach that, despite it being more than 30 days. So the panel certainly could have said it's untimely, but for some of the arguments that are raised, we're going to reach it anyway, but didn't do that. They just said it's untimely and dismissed it. That is true, Your Honor. I don't know the reason for the decision and how they address the merits of these two arguments. Unfortunately, the MIM-DISPO, we don't, we don't do that. And that's unfortunate, but the arguments were before the court and they did not find them persuasive. Your Honor, two things on that. So one is, of course, in Castro-Cortez, Nestor Salinas-Sandoval did initially go on habeas. There was a fact-finding determination as far as... But the court said that was the wrong place to raise it. So our president at that time said that's the wrong place to raise it. We will deem it to be raised here on a PFR. Right, Your Honor. And then after Castro-Cortez comes down, Real ID is passed, right? And so Real ID says that any issues that happen before the entry of a removal order need to be raised in a PFR. But then Amarjeet Singh analyzes Real ID and says, okay, any events after the order of removal, like there, the failure to serve a copy, an ineffective assistance of counsel issue, that goes unhinged. I was puzzled about why you thought the failure to serve. Obviously, they showed it to him and he refused to sign it, so they didn't give him a copy. But the government now says one of the three documents served the same effect. But that was obviously concurrent with the removal order. So I'm not sure why you argue that was after the removal order. Well, the service of a copy is after the entry of a removal order. That's what happened in the Nacaranu Act case, which was a habeas case. And in that case, the removal order was sent to the wrong address, and they said it was habeas. So in Singh, it was after the final order was issued, right? Right. And then there was an argument on the PFR regarding ineffective assistance of counsel and bringing the PFR timely. But then in JEFM, we narrowed that to its facts and said, well, this ineffective assistance of counsel claim cannot be raised in habeas. Well, JEFM looks at Singh and says there is habeas jurisdiction for events that arose after the entry of the removal order. The issue in JEFM is still service of the removal order. It's just there, it's an ineffective assistance of counsel. It says all policies and practices, when they arise from removal proceedings, have to be a PFR process. Correct, Your Honor. And so this is an issue of the service of the actual order. And that's not a policy and practice arising from removal proceedings? But it's the service of the order, so that all occurs after the order is final. So when a removal order is issued, by regulation and statute, there has to be an actual copy that's given. The government submitted it as a matter of practice, but it doesn't do that. But again, you can't raise that issue. Are you referring to the declaration saying that that individual officer didn't give a copy? Or do they have some policy statement that that's their practice or policy? I'm not saying it's a policy, it's a practice. He says specifically that it was his practice, standard procedure, when they didn't sign the order. And let me just be clear, the signature is for notice of the charges against him. It's not for receipt of the order. The notice is provided, here are the allegations against you. You sign or you don't sign, and then the order is issued. That's what happens under the regulation at 241.8. So when is the order issued? Order is issued after the person is notified, signs or does not sign, and then the order is issued. And so that's the final act in issuing the order? Correct. And then the notice comes first, and then the signature, and then the issuance. Is that what you're saying? Yes, and then a copy. And so when does the order become final? The order becomes final once a copy is provided. That's when service is complete. Okay, so that's what you're arguing. That's why I was asking why you're arguing that in this case, it's challenging after the order of removal. Right, Your Honor. Why is that? If it doesn't even become final until it's... Is what you're saying is that once it becomes final, then they're supposed to hand him a copy? Yes, Your Honor. I thought you said his signing and their handing it to him makes it final. His signing... It's never final? It isn't final? We don't have a final order here? So he signed, then they issued the order, and then a copy is provided. So he didn't sign. So how does that affect it? It doesn't affect it at all. They still issued the order. What do you mean by final? You mean that's the act that results in the reinstatement of the order? Yes, Your Honor. So the order is signed, and then by law they're required to provide a copy. They did not provide a copy. And there's no... Under the INA, there's no review of the reinstatement, reinstated order? There is, Your Honor, and on a petition for review. All right, and if there is, why isn't that part, you know, why isn't that act of whether or not a notice is given part of the process that results in the reinstatement, which is subject to review in the Court of Appeal? Well, Your Honor, we did file a petition for review, and as you know, the court... And raised all those issues. And get back to her point, Judge Ikuda's point, right? You did file the petition, it was ruled on. Well, but the court's not explicit on the ruling, it simply dismisses it, and given the Amarjeet Singh case, I mean, I don't see how the Singh facts are distinguishable here. The Singh issue is the notice that was given after the removal order was entered. So just to analogize, if this was a board decision and there was no notice, we would do a motion to reissue of the board decision. We can't do that in a case of a reinstatement order because the government's policy is to not provide a copy of the order itself. Let me make sure I'm understanding the sequence of events. So, he's brought in, he's told that this order's being reinstated, he refuses to sign off on that. The order's in, and the reinstatement then happens. And then they're supposed to give him a copy of it. He didn't get the copy of it, and that's the conduct that's really challenged in this case. And so you're saying that that's after the entry of the order of reinstatement, even if it was only five seconds after, it was still after. Do I have that? There's a second argument on the cancellation issues for a period of seven years, which I don't see how that is distinguishable from Selena Sandoval and Castro-Cortez, but obviously that's not addressed at all by the panel's decision. And that is why habeas has to be available. As JEFM says, there has to be a forum, and if a direct petition for review is not the forum, then because the event arose after the entry of a final order, then habeas is proper jurisdiction. And I'd like to reserve my remaining time. Thank you. Of course. I'll hear from the government. Good morning, Your Honors. Matthew Seaman on behalf of the United States. May it please the Court. The Immigration and Nationality Act is clear. Claims for review of an order of removal and all questions of law relating or arising from that action taken to remove an alien from the United States must be brought in a petition for review directly to this Court. And this includes reinstated orders of removal pursuant to 1231A5, which is what's at issue here. Well, what about Singh, though, where we said that a claim of ineffective assistance of counsel in connection with post-administration filing of an appeal can be heard in habeas? That's appropriate for a habeas claim. Certainly, Your Honor. The key issue at Singh, which this Court noted and was looking at some legislative history, is that the claim that fell into the exception in Singh was independent of the challenge to the removal order, right? The thing that people were challenging in Singh was not an action of the government or the process by which the order was served. It was the fact that they had an attorney, a third-party attorney, who they believe did not act with all due diligence and therefore because of that attorney's actions, they had missed their opportunity to seek their day in court on review of that order. That is not the issue here. This is much more analogous to, for instance, in JEFM, where this Court distinguished the Singh exception by saying that regardless of how a plaintiff would frame it, if the procedure and substance of the case is inextricably linked to the order of removal, it's prohibited by Section 1252A5, and that's exactly what we have here. So you're saying that this whole issue about the service is inextricably linked or whatever the term was you just used? I mean, I think it's not only is it inextricably linked, but it actually is, it's the procedure itself that's being challenged, right? That is part of the procedure and the process. So I don't even think we necessarily get to the inextricably linked. It is, in fact, the procedure that's being challenged, and this Court has made clear many times more recently. Well, when you say the procedure, but this is not something that didn't say the CFR, right? It's kind of an unwritten practice that's being challenged, isn't it? I think that's right, but the argument that I believe they're making on the other side is that there is a statutory, there is a regulatory requirement, right, at 8 CFR 241.8, revolving service of the reinserted order. It says the order removal has to be served promptly or something like that? No, it simply says that the individual has to be provided with written notice. So it's not even specific to the form I-871. All right, then it's not part of the procedure. Well, their argument, I believe, on the other side is that the... All I'm saying is they're challenging something that's not part of the regular procedure, right? Perhaps not part of the regular procedure. Part of the irregular procedure. This was a somewhat unusual case. I mean, you know, they found out about it because, one, the client, it happened to the client, but then they saw some official saying, well, this is what I do. I never give them a copy, right? In that particular instance, the officer, I believe in his affidavit, didn't remember this specific individual, Mr. Menendez, but he did state that his standard practice, if someone refuses to sign that form I-871, is that he verbally explains what is on that form in the reinstatement process and then serves two other forms, the I-205, which is a warrant of removal or deportation, as well as the form I-294, which is a warning to alien order removed or deported. And both of those complied with... But getting back to my underlying question, why is that, you know, part of the, you know, that meaning, you know, not furnishing a copy of the order? Well, because the procedure that the... I acknowledge it's a somewhat irregular procedure, right? This is a relatively rare instance where someone's refusing to sign the I-871. But that is the procedure that at least this particular officer follows, and that is what the other side alleges does not comply with CFR 241.8. So if your statement is that what the officer did complied with the regulatory requirements, and his withholding this one form was irrelevant, then is your argument that it's meaningless that he retained one form? It's only meaningless in the sense that, and as this panel said in dismissing the PFR by citing to Galindo-Romero v. Holder with the parenthetical that a prior order is reinstated once the agency complies with 8 CFR 241.8. So to the extent that 8 CFR 241.8 is complied with, as this court said in Galindo-Romero v. Holder, and then again in dismissing Mr. Menendez's PFR, then that is sufficient. So the fact that the I-871 was not served does not ruin the fact that service was effectuated. So you're saying that that parenthetical suggests that the court in the earlier, in the PFR appeal essentially determined that what happened was okay? Absolutely. There's no way, you know, this issue of whether the reinstated removal order was properly served and therefore properly reinstated such that the 30-day appeal deadline began to tick, that was fully briefed exhaustively in that PFR. That was the basis for the government's motion to dismiss the PFR. And that motion to dismiss was granted by the panel of this court. And, you know, I acknowledge it would have been nice to have a little more analysis perhaps, but in looking at the string site that the panel in its admittedly short order referenced, you know, they referenced 8 U.S.C. 1252 B.1, which is the PFR procedures and the fact that you have to do it within 30 days. They referenced 8 CFR 241.8. They referenced Castro-Cortez, which as Judge Akuta pointed out earlier, was a case where someone did try to bring this type of claim in habeas and it ended up being transferred to the PFR context because the court decided that was the proper way to bring that claim. And then the court also, as I said, cites to Galindo-Romero v. Holder with the parenthetical that a prior order is reinstated once the agency complies with 241.8. So I don't think there's any way to read the order and there's no basis to conclude that the argument that Mr. Menendez is raising now and raised previously was not addressed. It was fully addressed. So Ms. Tolchin seems to be arguing that since they didn't specifically address it, for all we know, the court could have been saying in the dismissal that that's not something we're going to deal with here, go do a habeas, because what had happened in the intervening period was Singh got decided. What about that? I think I understood her that way at least. Yeah. So first of all, I think obviously the panel could have said that if that's what they had intended to say. But I also would note that they cite to 1252b1 and they cite to Galindo-Romero and they also cite to Castro-Cortez, all of which are cases and statutes that stand for the idea that this is a claim that has to be brought in a PFR. So there's no real basis looking at this order to conclude that the panel thought that this was just an improper way of bringing the claim and that they needed to go to habeas. And if I could just go briefly to talking about the Singh v. Gonzalez exception. As I said, the claim that was allowed to be brought in habeas in that case was independent of the removal order. And that is exactly the argument that individuals tried to make in JEFM and which was rejected. And in JEFM, that was obviously a claim that was much more similar to the claim that was brought in Singh with respect to counsel and having the assistance of counsel. So if this court found that the claim involving counsel that was brought in JEFM was too inextricably related to the procedure and substance of a removal order to be challenged in habeas, it's difficult to see how Mr. Menendez's claim would also not fall into that category. And then I would also just additionally note that the other cases that Mr. Menendez cites in his favor, Castro-Cortez they rely on quite a bit. But as we've pointed out, what happened in Castro-Cortez is exactly what should happen and what did happen here, which is that the case, and to Mr. Menendez's credit, that is what he did by filing the PFR. The other site that I know we briefly mentioned was Nacaranyarac, and that did involve this kind of similar claim that was able to be brought in habeas, but that was because it predated a change in the law. Pre-Real ID Act and pre-other statutory provisions in the 90s, individuals were able to bring those claims in habeas because they could rely on 8 U.S.C. 1105A.A.10, which has since been repealed. So to the extent that Mr. Menendez wants to rely on cases prior to that, those are just no longer applicable. One final thing I'll just note is Mr. Menendez seems to claim that because his PFR was denied when he tried to bring these claims, that necessarily must have created jurisdiction for a habeas claim, but that's simply not true. As the court said in JEFM, just because an individual would prefer to bring something in habeas or thinks that a class action type relief in habeas would be more effective, that does not get you around 1252 and the claim channeling provisions of 1252. So the fact that an individual is unsuccessful in their PFR does not mean that they get a second bite of the apple, so to speak, just because they did not like the circuit court's answer. And if the court has no further questions on that, I would just like to address briefly the mootness possibility that I know this court issued an order about a week ago. It's a little unclear what could happen with respect to that. For the court's knowledge, this is another PFR that's currently pending with oral argument scheduled for January, I understand, and this is a PFR challenging the denial of a motion to reopen the original 1994 removal  order. And that's gone up and back a couple of times, right? It's had a very lengthy procedural history, yes. So it's a little unclear what could happen there. I will just say a couple of things. The first being that this court in Morales-Izquierdo v. Gonzalez in 2007 said that events that occur after the removal order is reinstated do not change the validity of the reinstatement. So as long as the reinstatement was valid at the time that it was reinstated, subsequent events do not alter that. And the other thing I would just note that, you know, the basis for the motion to reopen, I understand, is that the drug conviction, which was part of what the removal order, the original 1994 removal order was based upon, has since been vacated. So that is no longer at issue. But Mr. Menendez was not ordered removed purely based on that conviction. He was also ordered removed because he had entered without inspection and was not lawfully present in the United States. And I don't believe there's any argument in that motion to reopen that would change that finding. So our position is that the... But he might have been eligible for relief before the conviction? He might have been eligible for relief, potentially, yes. So to the extent that that other PFR is resolved in such a way as to reopen the proceedings, you know, as I say, our position is that that would not affect this case, at least not directly, because of, as I said, Morales-Escuerdo and the idea that as long as the reinstatement was valid at the time it was reinstated, subsequent events do not change that. And unless the Court has any further questions, I think that's all I have. Thank you. Thank you for your argument. We'll hear rebuttal. A few things, Your Honor. Just to be clear, the regulation we're relying on for a copy of the order is at 103.8C. So 241.8 talks about service, but 103.8 is for all service decisions and says if there's an adverse decision against a, quote, alien, that a copy has to be provided. That was not addressed, even though it was argued, it was not addressed in the panel's decision. I also want to point out, this is not a case where the arguments are inextricably linked to the challenge to the reinstatement. The challenge to the reinstatement order has a lot of different issues, one of which is that the order is fundamentally unfair because it is based on a deportation order that was based on a vacated condition. We also argue that the government didn't meet its burden of proof on the reinstatement. All of these are challenges to the merits of the argument, nothing to do with the service issue. The only issue before the District Court was the service issue and the cancellation issue, and that has, again, nothing to do with the merits. So they are not inextricably linked. I also wanted to point the Court to JEFM, where it looks at the Amarjeet Singh decision and says as to the claim regarding events after the removal order, we noted that Singh's claim could not have been raised before the agency. It arose after a final removal order was entered, absent habeas review, and would not have no legal avenue to obtain judicial review. So that is JEFM's reading of Amarjeet Singh, and I do think it's controlled. Oh, the government also just argued that this was a rare circumstance. We know that failing to provide a copy of the reinstatement order is not rare. It's the same thing that outraged the Sixth Circuit in Martina Serrano. They were outraged that they were not providing copies. This is a systemic issue and not a rare circumstance, and not allowing a forum to challenge this would entirely deprive these individuals of judicial review. Finally, as to the last issue, if the other case is granted and the deportation case is reopened, then I believe by operation of law, the reinstatement could no longer exist because there is no prior order. So he's citing Morales-Izquierdo for that. Do you have a case that supports your view? There's no case law on this. I don't think Morales actually addresses this at all. In practice, what happens is we ask them to cancel the order, and they do. It does happen. Cancellation of the reinstatement order actually happens routinely, so that's why I was very surprised with the declaration from the officer saying that he didn't cancel orders. It is a very routine thing. But there is no case law on this, so I think we might have to get to that point once we get there. If there's nothing further, thank you so much. Have a good day. Thank you. We appreciate your arguments in the case of Menendez-Gonzalez versus Nielsen. It's submitted.
judges: Tashima, Ikuta, Kennelly